UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.C. SANDERS, | ) | CASE NO. 5:23-cv-707 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| S. BENJAMIN CARRO, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff J.C. Sanders ("Sanders") filed this action against defendant Summit County Assistant Prosecutor S. Benjamin Carro ("Carro"). In the complaint, Sanders alleges Carro threw documents at him instead of politely handing them to him and yelled at his wife in front of a room full of people. (Doc. No. 1, at 6.) He asks this Court to order Summit County to conduct an investigation and terminate Carro's employment. (*Id*. at 7.) Along with their complaint, Sanders also filed an Application to Proceed *In Forma Pauperis* ("the application"). (Doc. No. 2.) For the reasons stated below, the application is denied.

Pursuant to 28 U.S.C. § 1915, this Court has the discretion to authorize the commencement of any civil action without prepayment of filing fees by a person who submits an affidavit that includes a statement of all assets such person possesses that demonstrates that the person is unable

to pay such fees without undue hardship. 28 U.S.C. § 1915(a)(1). Pauper status does not require proof of absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, a sufficient affidavit demonstrates that the plaintiff cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life. *Farajolah v. Victory Auto. Grp., Inc.*, No. 1:20-cv-1277, 2021 WL 6689545, at *1 (W.D. Tenn. Jan. 11, 2021); *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016).

The application fails to provide a clear picture of Sanders' family income and expenses and, thus, fails to demonstrate Sanders' eligibility for *in forma pauperis* status. Starting with income, Sanders' spouse's income is incorrectly listed in at least one place. The application states that Sanders' spouse made $32,640.00 per month for the past twelve months, but that she expects to receive only $2,946.00 per month at Evolent Health in the months following the filing of the complaint. (*Id*. at 1–2.) If these amounts are correct, Sanders provides no explanation for the dramatic reduction of income. (*See id.* at 5.)

The Court considered the possibility that Sanders misread the form and provided a monthly income in one column and an annual income in the other column; however, the numbers do not seem to support that theory either.[1] Sanders lists his spouse's dates of employment as "10/31/2022–Present" indicating that she is currently employed and was employed in this position prior to the filing of the complaint making $2,946.00 per month. (*See id*. at 2.) Sanders states that prior to

---

[1] Multiplying the expected amount of monthly income ($2,946.00) by twelve equals $35,352.00, which is $2,712 more than the number listed for Sanders' spouse's average *monthly* income for the preceding twelve months. (*See* Doc. No. 2, at 2.)

2

working at Evolent Health, Gales worked at Acro Services Corporation from 1/17/2022 to 10/31/2022 earning $2,946.00 per month. (*Id.*) There is no explanation for the $32,640.00 monthly income reported on the form. If that figure were correct, Sanders' spouse would have earned nearly $400,000.00 per year, yet Sanders states that his family has no bank accounts, cash, and or investments.

Similarly, Sanders' income is incorrectly listed in at least three places. First, Sanders indicates he had no income for the past twelve months and expects to have no income in the month following the filing of the complaint. (*See id*. at 1–2.) Sanders then indicates that he works at Marco's Pizza and Mercury Service earning $344.00 and $1,500.00 respectively.[2] (*Id*. at 2.) Second, Sanders states that his family receives "snap benefits", but list his family's monthly income from "Public-assistance" as $0.00. (*See id*. at 2, 5.) Finally, Sanders states that he has $0.00 income from self-employment and had $0.00 income from self-employment for the past twelve months (*Id*. at 1), but that he owns a business which cannot currently operate due to Sanders' home confinement. (*Id*. at 5.) These inconsistencies alone are sufficient to reject Sanders' application.

Moreover, it is impossible to determine Sanders monthly expenses as he did not complete that section of the application. All of the expenses on the form are left blank except for food, which Sanders lists as $308.00 in the column for himself and an additional $308.00 in the column for his spouse. (*See* Doc. No. 2, at 4.)

---

[2] Sanders only provides one date for his two employment entries, without explanation, despite the form asking for "[d]ates of employment[,]" (*See* Doc. No. 2, at 2,) Without this information, Sanders' employment history is unclear.

Sanders lists an apartment address on the summonses (*see, e.g.*, Doc. No. 1-2, at 1), but he does not list an amount he pays for rent and he does not list utilities as expenses (nor indicate that these expenses are included in his rent).[3] (*See* Doc. No. 2, at 4.) Sanders lists a car as an asset, but does not list any expenses associated with owning and operating a car, such as insurance, gas, or maintenance. (*Id*. at 3, 4.)

As written, the application does not demonstrate an inability to pay the filing fee. The application states that Sanders' family earns $2,946.00 per month. But, if Sanders has correctly listed his employment, his family earns an additional $1,844.00 per month ($344.00 from Marco's Pizza and $1,500 from Mercury Service). Additionally, Sanders indicated that his family receives governmental assistance in the form of SNAP benefits. The only expense Sanders lists for his family is for food, which is a total monthly expense of $616.00. Using the minimum income listed and the total expenses listed, Sanders' family would have $2,330.00 left over each month after payment of expenses. This amount is sufficient to pay the filing fee of $402.00.

The burden is on the litigant asking the Court to waive the filing fee to demonstrate that they qualify for consideration for this relief. *Foster*, 21 F. App'x at 240. Sanders has not properly completed the application and the information they did provide has not established that they qualify for *in forma pauperis* status.

Accordingly, the application is DENIED, and this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

---

[3] In a separately filed complaint, Sanders states that his family was "evicted out of [their] apartment [on] January 18, 2023" and "are currently homeless." *See* Complaint, Sanders v. Carro, 23-cv-704 (N.D. Ohio April 4, 2023), ECF No. 1, at 11. Yet, the present complaint, along with the other one mentioned, list an address with an apartment number, which makes it appear as though they are not homeless. (*Id*. at 2.) Sanders has not provided the Court with enough information regarding his family's relationship to the listed address. Moreover, in a third complaint filed by Sanders roughly a month after this complaint, Sanders lists a different address. *See* Complaint, Sanders v. Hill, 23-cv-924 (N.D. Ohio May 4, 2023), ECF No. 1.

be taken in good faith. Sanders may within 30 days of the date of this order reopen this case by first paying the full filing fee of $402.00 and then filing a Motion to Reopen. The Clerk shall not accept any further documents for filing in this case, unless the full filing fee is paid by within 30 days of the date of this order.

**IT IS SO ORDERED**.

Dated: July 13, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**